FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 2 2 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01566-BNB

ANDREW MARK LAMAR,

      Plaintiff,

v.

COLORADO STATE PENITENTIARY,
SUSAN JONES, Warden at C.S.P.,
KATHLEEN BOYD, N.P. (No. 12547),
JOSEPH W. WRIGHT, Physician (No. 14549),
DAVE PLOUGHE, (No. 12074), and
PHIL DeFELICE, (No. 2143),

      Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff Andrew Mark Lamar is a prisoner in the custody of the Colorado Department of Corrections and currently is incarcerated at the Colorado State Penitentiary in Cañon City, Colorado. Mr. Lamar, acting *pro se*, initiated this action by filing a Prisoner Complaint alleging that his constitutional rights were violated. He asks for injunctive relief and money damages.

The Court must construe the Complaint liberally because Mr. Lamar is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Lamar will be ordered to file an Amended Complaint and assert how each properly named party violated his constitutional rights.

Although Mr. Lamar has indicated personal participation by Defendants Kathleen Boyd and Joseph W. Wright in the constitutional violations set forth in the Complaint, he fails to state any personal participation by Defendants Susan Jones, Dave Ploughe, and Phil DeFelice. To establish personal participation, Mr. Lamar must show how each individual caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for constitutional violations that they cause. *See Dodds v. Richardson, et al.* ,___ F.3d ___, 2010 WL 3064002 (10th Cir. 2010) (Tymkovich, J., concurring).

Mr. Lamar also is instructed that to state a claim in federal court, he must explain in his Amended Complaint what each defendant did to him, when the defendant did the action, how the action harmed him, and what specific legal right he believes the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Lamar further is instructed that he may not sue the Colorado State Penitentiary. The State of Colorado and its agencies are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment

2

immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). Accordingly, it is

ORDERED that Mr. Lamar file within thirty days from the date of this Order an Amended Complaint that is in keeping with the above directives. It is

FURTHER ORDERED that Mr. Lamar shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that if Mr. Lamar fails within the time allowed to file an Amended Complaint that complies with this Order, to the Court's satisfaction, the action will be dismissed without further notice. It is

FURTHER ORDERED that process shall not issue until further order of the Court.

DATED at Denver, Colorado, this 22nd day of August, 2011.

BY THE COURT:


s/Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

### CERTIFICATE OF MAILING

Civil Action No.  11-cv-01566-BNB

Andrew Mark Lamar
Prisoner No. 113997
Colorado State Penitentiary
PO Box 777
Cañon City, CO 81215- 0777

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on August 22, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
        Deputy Clerk