# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
## Honorable Marcia S. Krieger

Civil Action No. 11-cv-01566-MSK-MJW

**ANDREW MARK LAMAR,**

  **Plaintiff,**

v.

**KATHLEEN BOYD, NP (No. 12547), and**
**JOSEPH W. WRIGHT, Physician (No. 14549),**

  **Defendants.**

---

## OPINION AND ORDER
---

**THIS MATTER** comes before the Court pursuant to the Defendants' Motion to Dismiss (**# 25**), and Mr. Lamar's response (**# 26**).

## FACTS

According to Mr. Lamar's Complaint (**# 1**),[1] he is an inmate in the custody of the Colorado Department of Corrections. He alleges that on October 2, 2010, he slipped and fell while exiting a shower unit, sustaining injuries to his lower back. He alleges that he was seen by

---

[1] Mr. Lamar initially filed his Complaint naming numerous Defendants but narratively describing claims only against Defendants Wright and Boyd. Magistrate Judge Boland directed Mr. Lamar to file an Amended Complaint detailing the personal participation of the remaining Defendants. Mr. Lamar filed an Amended Complaint (**# 10**), but that document was essentially offered as a supplement to the original Complaint, describing an additional claim against a third Defendant, and otherwise referring the reader back to the initial Complaint for the claims against Defendants Wright and Boyd. Magistrate Judge Boland then issued a Minute Order (**# 12**) noting that the Amended Complaint "must contain all claims, named parties, and requests for relief," and granted Mr. Lamar additional time to file a pleading that conformed to this requirement. Mr. Lamar did not do so, and thereafter, Senior Judge Babcock issued an Order (**# 13**) dismissing any claims asserted in the Amended Complaint and stating that the Court would proceed to review only the original Complaint. Accordingly, the undersigned limits the analysis of this case to the claims asserted in the original Complaint.

Defendant Wright for this injury, but Mr. Wright concluded the examination within five minutes, concluding that the injury was "muscular" in nature. Mr. Lamar stated that he believed the injury was "spinal" in nature, which caused Mr. Wright to "affect an agitated tirade storming off." (Mr. Lamar also alleges that, at some point, Mr. Wright stated to him "it's not like you broke your back.") Mr. Lamar does not describe what, if any, treatment Mr. Wright prescribed.

Approximately a month later, Mr. Lamar was seen for the same injury by Defendant Boyd. She diagnosed the injury as being "psizticz,"and "prepared a 'shot to the spine'" to administer to him. Mr. Lamar states that "this diagnosis and remedy scared me" and he declined the treatment. Mr. Lamar requested that he nevertheless be reassigned to a "lower tier restriction," a handicapped-accessible cell, and a new mattress, but Ms. Boyd refused. Mr. Lamar also requested that he be sent for a x-ray, but Ms. Boyd refused, stating that offenders in maximum security (which apparently included Mr. Lamar) "try to escape" when sent for such treatment.

Mr. Lamar asserts a single claim, pursuant to 42 U.S.C. § 1983, against both Defendants, contending that the exhibited deliberate indifference to his serious medical needs in violation of the Eighth Amendment. The Defendants move **(# 25)** to dismiss those claims pursuant to Fed. R. Civ. P. 12(b)(6).

## ANALYSIS

### A. Standard of review

1. Motion to dismiss standard

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all well-plead allegations in the Complaint as true and view those allegations in the light most favorable to the nonmoving party. *Stidham v. Peace Officer Standards and Training*, 265 F.3d

1144, 1149 (10th Cir. 2001), *quoting Sutton v. Utah State Sch. For the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).  The Court must limit its review to the four corners of the Complaint, but may also consider documents attached to the Complaint as exhibits, *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001), as well as unattached documents which are referred to in the Complaint and central to the plaintiff's claim, so long as the authenticity of such documents is undisputed.  *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002); *Dean Witter Reynolds, Inc. v. Howsam*, 261 F.3d 956, 961 (10th Cir. 2001).

With regard to what must be pled to avoid dismissal, the Supreme Court in *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009), described the standard that must be met as "facial plausibility."  In this context, "plausibility" refers to the scope and degree of specificity of the allegations in the complaint.  *Khalik v. United Air Lines*, ___ F.3d ___, 2012 WL 364058 (10th Cir. Feb. 6, 2012).  Although Fed. R. Civ. P. 8(a)(2) still requires the pleader to supply only "a short and plain statement of the claim," that statement must provide more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or generalized allegations of conduct that "encompass a wide swath of conduct, much of it innocent."  *Id.*  In this regard, the plaintiff must do more than articulate a set of facts that could "conceivabl[y]" or "possibly" give rise to a claim; he must "nudge[ ] his claims across the line from conceivable to plausible."  *Id.*  Of course, the degree of specificity that will be required will necessarily vary based on the context of the case.  *Id.*

*Iqbal* suggests that one way for the Court to proceed when considering a Rule 12(b)(6) motion is for the Court to "identify[ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. 129 S.Ct. at 1950.  Once the complaint has been winnowed down to only those sufficiently-specific, non-conclusory factual allegations, the Court

treats those allegations as true and proceeds to examine whether, under the controlling law, those facts are sufficient to state a claim.

2. *Pro se* pleading standard

In considering Mr. Lamar's filings, the Court is mindful of his *pro se* status, and accordingly, reads his pleadings liberally. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972). However, such liberal construction is intended merely to overlook technical formatting errors and other defects in his use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not relieve Mr. Lamar of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court will treat Mr. Lamar according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

**B. Eighth Amendment analysis**

To state a claim for deprivation of 8th Amendment rights based on the failure to receive medical treatment, an inmate must allege: (i) that he suffered from a serious medical need—that is, one that has been diagnosed by a medical provider as requiring treatment or one which even a lay person would easily recognize as requiring medical attention; and (ii) the Defendant was subjectively aware of that need and that failing to treat it would pose an excessive risk to the inmate's health or safety, but nevertheless elected to delay or deny treatment for it. *See e.g. Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir.2000). The subjective component requires an examination into the defendant's actual state of mind. To satisfy this element, the inmate must plead facts that show that the defendant both "actually knew of" and "deliberately disregarded" the fact that the inmate was suffering from a serious medical need. *Boles v.*

*Dansdill*, 361 Fed.Appx. 15, 18 (10th Cir.2010) (unpublished), *citing Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir .1980). It is not sufficient for the inmate to plead facts showing a mere difference of opinion between the prison's medical staff and the inmate as to the diagnosis or treatment which the inmate receives. *Ramos, id.* at 575.  Rather, the inmate must show that a defendant "prevented [him] from receiving recommended treatment" or that the defendant "denied [him] access to medical personnel capable of evaluating the need for treatment." *Id.*

Assuming, without necessarily finding, that Mr. Lamar has alleged that his back injuries constituted a serious medical condition, the Court nevertheless finds that Mr. Lamar has failed to allege facts that would demonstrate that either Defendant was subjectively indifferent to that injury.  Mr. Lamar alleges that Mr. Wright examined him and diagnosed his injury as being muscular in nature.  Mr. Lamar may disagree with the accuracy of Mr. Wright's diagnosis, but, as noted above, such disagreement does not give rise to an 8th Amendment violation.  Moreover, although Mr. Lamar does not indicate that Mr. Wright prescribed any particular treatment for him, nothing in Mr. Lamar's allegations would suggest that Mr. Wright subjectively entertained a belief that failing to prescribe any treatment for Mr. Lamar's "muscular" injury would pose a risk of harm to Mr. Lamar, as would be necessary to allege the second element of the claim. Accordingly, Mr. Lamar fails to state an 8th Amendment claim against Mr. Wright, and that claim is dismissed.

Similarly, Mr. Lamar fails to allege facts demonstrating Ms. Boyd's deliberate indifference.  Mr. Lamar acknowledges that Ms. Boyd was prepared to offer him treatment for his injury, in the form of a spinal shot, and that Mr. Lamar refused that treatment.  Thus, the Court cannot say that Mr. Lamar's allegations could demonstrate Ms. Boyd's deliberate indifference to his medical needs.  Although Mr. Lamar believes that he nevertheless should

have been provided with a lower bunk restriction and an x-ray, the fact that Ms. Boyd did not find his condition to warrant such accommodations again reflects nothing more than a difference of opinion between Mr. Lamar and Ms. Boyd over the proper treatment for his condition, and does not amount to an 8th Amendment violation.  Accordingly, Mr. Lamar fails to state a claim against Ms. Boyd, and that claim is dismissed.

## **CONCLUSION**

For the foregoing reasons, the Defendants' Motion to Dismiss **(# 25)** is **GRANTED**, and Mr. Lamar's claims are **DISMISSED** in their entirety.  The Clerk of the Court is directed to close this case.

Dated this 2nd day of August, 2012

**BY THE COURT:**

_____
Marcia S. Krieger
United States District Judge